1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

11

**CENTRAL DISTRICT OF CALIFORNIA**

12
13

PPG INDUSTRIES, INC., a Pennsylvania corporation,

14

Plaintiff,

15

vs.

16

LLAMAS PLASTICS, INC., a California corporation; *et al.*,

17
18

Defendants.

Case No. 2:15-cv-08485-AB-AFMx

**[PROPOSED] PROTECTIVE ORDER**

**DISCOVERY MATTER**

19
20
21
22
23
24
25
26
27
28

1

1    WHEREAS, each of the parties to the above-captioned action ("Action"),

2    Plaintiff PPG Industries, Inc. ("Plaintiff"), on the one hand, and Defendants Llamas

3    Plastics, Inc. and Jose Mariscal (collectively, "Defendants"), on the other hand,

4    (inclusively, the "Parties"), may produce or seek discovery of documents,

5    information, or other materials that may contain or relate to personal, confidential,

6    proprietary, or trade secret information of another Party or a third party;

7    IT IS HEREBY ORDERED that the following Protective Order be entered in

8    this Action:

9    1.    <u>PURPOSES AND LIMITATIONS</u>

10   Disclosure and discovery activity in this Action is likely to involve production

11   of personal, confidential, proprietary, or trade secret information for which special

12   protection from public disclosure and from use for any purpose other than

13   prosecuting this litigation is warranted. The Parties acknowledge that this Order does

14   not confer blanket protections on all disclosures or responses to discovery and that

15   the protection it affords from public disclosure and use extends only to the limited

16   information or items that are entitled to confidential treatment under the applicable

17   legal principles.

18   <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

19   The parties further acknowledge, as set forth in Section 12.3, below, that this

20   Stipulated Protective Order does not entitle them to file confidential information

21   under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

22   the standards that will be applied when a party seeks permission from the court to

23   file material under seal.

24   There is a strong presumption that the public has a right of access to judicial

25   proceedings and records in civil cases.  In connection with non-dispositive motions,

26   good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

27   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*

28

**[PROPOSED] PROTECTIVE ORDER**

*Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not − without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information designated as "CONFIDENTIAL" (regardless of how it is generated, stored, or maintained) shall mean and include any document, thing, manufacturing process, deposition testimony, interrogatory answers, responses to requests for admissions and requests for production, disclosures pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery or settlement communications and negotiations in this Action, which contains non-public, confidential, or proprietary information, whether personal or business-related. Disclosure or Discovery Material in this Action may be designated as "CONFIDENTIAL" if the Producing Party or Non-Party

claims in good faith that such material warrants such a designation. The Party receiving material designated "CONFIDENTIAL" shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this Action. Certain limited types of "CONFIDENTIAL" information may be further designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.3    Counsel: Attorneys who represent or advise a Party in connection with this Action, whether or not an employee of a Party, and their paralegals, secretarial and clerical assistants or other support staff.

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures, in responses to discovery, or in deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, responses to discovery, or in deposition testimony in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel, or by all Parties, to serve as an expert witness, as a neutral, or as a consultant in this Action, (2) is not a past or current employee of a Party, (3) is not a current employee of a Party's competitor, and (4) at the time of retention, is not anticipated to become an employee of a Party.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive CONFIDENTIAL Information or Items,

the disclosure of which to another Party or Non-Party would create a risk of competitive harm that could not be avoided by less restrictive means.  This type of information and items include, for example, products not yet commercially released, inventions in progress, pending patent applications, current business/strategic plans, future sales/financial projections, current and future marketing plans, detailed sales and financial data, potential future acquisitions, license and settlement agreements, or other competitively sensitive business or technical information including, but not limited to, the parties' non-public processes or materials used in manufacturing transparencies for use in the aerospace industry. Disclosure or Discovery Material in this Action may be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the Producing Party or Non-Party claims in good faith that such material warrants such a designation. The Party receiving material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this Action.

2.8    Non-Party: any natural person, partnership, corporation, association, or other entity not named as a party to this Action.

2.9    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party.

2.10   Party: any party to this Action, including all of its officers, directors, employees, consultants, and retained experts.

2.11   Producing Party: a Party or Non-Party that produces or provides Disclosure or Discovery Material in this Action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1   demonstrations, and organizing, storing, or retrieving data in any form or medium)

2   and their employees and subcontractors.

3       2.13   <u>Protected Material</u>: (1) any Disclosure or Discovery Material that is

4   designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY," (2) the information contained therein, (3) any

6   summaries, copies, excerpts, abstracts, compilations or other documents derived in

7   whole or in part therefrom, and (4) any testimony, conversations or presentations by

8   Parties or their Counsel that might reveal the information contained therein.

9       2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

10   from a Producing Party.

11   3.   <u>SCOPE</u>

12       The protections conferred by this Order do not cover the following

13   information: (a) any information that is in the public domain at the time of disclosure

14   to a Receiving Party or becomes part of the public domain after its disclosure to a

15   Receiving Party as a result of publication not involving a violation of this Order,

16   including becoming part of the public record through trial or otherwise; and (b) any

17   information known to the Receiving Party prior to the disclosure or obtained by the

18   Receiving Party after the disclosure from a source who obtained the information

19   lawfully and under no obligation of confidentiality to the Designating Party. Any use

20   of Protected Material at trial shall be governed by a separate agreement or order by

21   the judicial officer conducting the trial and is not covered by this Order.

22   Notwithstanding the above, by stipulating to the entry of this Order, the Parties have

23   not waived any right to designate documents and information previously filed under

24   seal with the Court in this Action as Protected Material under this Order.

25   4.   <u>DURATION</u>

26       Once a case proceeds to trial, information that was designated as

27   CONFIDENTIAL or maintained pursuant to this protective order used or introduced

28

as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits related documents are part of court record).

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims, counterclaims, and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must reasonably designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating

Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second and third paragraphs of Section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  If the materials cannot have the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" placed thereon, they will be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner agreed to by the Parties.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like to have copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY." After the inspecting Party has identified the documents it wants to have copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

Additionally, a Party or Non-Party may designate information and documents that were previously filed under seal with the Court in this Action as Protected Material under this Order.  Further, if a Party wishes to designate any information or documents produced or disclosed by a Non-Party in this Action, the Party must do so within 10 days after receipt of the information or documents from the Non-Party.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty-one (21) days from the date the deposition transcript is received by Outside Counsel of Record for the Designating Party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days from the date the deposition transcript is received by Outside Counsel of Record for the

Designating Party shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify if appropriate, at the deposition or up to twenty-one (21) days from the date the deposition transcript is received by Outside Counsel of Record for the Designating Party, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a twenty-one (21) day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party and/or Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party and/or Designating Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.  If it is not practical to have the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" placed thereon, the information will be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner agreed to by the parties.

5.3    <u>Inadvertent Failures to Designate</u>. A Designating Party that inadvertently fails to mark designated material as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of production or testimony shall promptly upon discovery notify the other Parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. Upon receipt of such a notice, the Receiving Party shall destroy all copies of the improperly marked material within ten (10) business days, along with any other documents that contain such material. A Party or Non-Party shall not use the inadvertent failure to designate material under this Order to its advantage or refuse to destroy the material as requested in the notice because it disputes the new designation -- any challenge to the new designation is subject to the dispute resolution procedures set forth in Sections 6.1 through 6.3.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith. The Parties must comply with Central District of California Local Rules 37-1 through 37-4, including the meet and confer requirements contained therein.

     6.3     <u>Judicial Intervention</u>. If the challenge cannot be resolved without court

intervention, the Challenging Party may file and serve a motion to challenge a confidentiality designation and must comply with Central District of California Local Rules 37-1 through 37-4.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  The material in question shall continue to have the same the level of protection to which it is entitled under the Producing Party's or Designating Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel;

(b) any employees of the Receiving Party to whom disclosure is reasonably necessary to provide assistance in the conduct of this litigation and who are identified as such in writing to Outside Counsel of Record for the Designating

Party in advance of the disclosure and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) mediator(s) engaged by the Parties or designated by the Court in this Action;

(h) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including if such author or recipient is a deponent, even if such deponent does not sign Exhibit A.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel;

(b) Experts (as defined by this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) mediator(s) engaged by the Parties or appointed by the Court in this matter;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including if such author or recipient is a deponent, even if such deponent does not sign Exhibit A.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party and provide the Designating Party a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and provide the Party who caused the subpoena or order to issue in the other litigation a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be

pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful subpoena or directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**[PROPOSED] PROTECTIVE ORDER**

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection from discovery, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The provisions of this paragraph shall be supplemented with the provisions of Rule 502 of the Federal Rules of Evidence provided, however, that in the case of a conflict between this paragraph and the provision of Rule 502, this paragraph shall control.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Under Seal. If any Party files with the Court any Protected Material, the pleading or other paper in which the Protected Material is embodied shall be filed in accordance with the local rules, and accompanied, pursuant to Local Rule 79-5.1, by an application and proposal to file the papers or the portion thereof containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material under seal. If the court denies an application to file a document under seal, the Parties shall promptly meet and confer regarding the process by which the information can be presented to the court (e.g. through in camera review or de-designation of the Protected Material).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     12.4   <u>Court and Court Personnel</u>. The Court and its personnel are not subject to this Order and are not required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

     12.5   <u>Retention of Acknowledgement Forms</u>. Outside Counsel of Record for each Party shall retain the signed "Acknowledgment and Agreement to Be Bound" forms they obtain, as provided for under this Order.

     12.6   <u>Disputes After Termination of Action</u>. After termination of this Action, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of this Protective Order following termination of this litigation. All disputes concerning Protected Material provided or produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California.

13.   <u>FINAL DISPOSITION</u>

     Within sixty (60) days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). The Parties agree to use their best efforts to ensure compliance with the letter and spirit of this provision.

14.     VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


IT IS SO ORDERED

DATED:   2/9/2106

_____
                    Alexander F. MacKinnon
                    United States Magistrate Judge

18

**[PROPOSED] PROTECTIVE ORDER**

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued by

the United States District Court for the Central District of California on _____,

2016 in the case of *PPG Industries, Inc.* v. *Llamas Plastics, Inc. et al.*, Case No.

2:15-cv-08485-AB-AFM. I agree to comply with and to be bound by all the terms of

this Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this Action

or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                           [printed name]

Signature: _____
                        [signature]

**[PROPOSED] PROTECTIVE ORDER**